## GAINES v. BEIRNE & McMAHON.

1. No judgment can be rendered against a garnishee, on his answer, until judgment is obtained against the defendant in attachment.

2. The statute contemplates the *viva voce* examination of the garnishee, in open Court; and although this may be dispensed with, and the answer received in writing, it is no part of the record, unless made so by bill of exceptions, or incorporated into the judgment by a recital of its substance : when, therefore, the clerk sent up a writing, purporting to be the answer of the garnishee, which varied from the recital of the answer in the judgment, it was disregarded.

3. Where two persons were garnisheed as co-partners, and appeared and answered, and the judgment was afterwards rendered against one, as surviving partner, this Court will presume the necessary proof was made, in the Court below, of the death of one of the firm.

Error to the Circuit Court of Mobile.

THIS was a suit commenced by attachment by the defendants in error, against one George W. Gresham, in which the plaintiff in error, and one James Fitzsimmons, were summoned as garnishees, by the style of Gaines & Fitzsimmons. The sheriff returned that he had served the garnishment, both on Gaines and Fitzsimmons. Fitzsimmons appeared at the return and answered, which is inserted in the record sent up, and is to the following effect: " James Fitzsimmons, one of the firm of Gaines & Fitzsimmons, answers on oath, that he is indebted to the defendant, in the sum of six hundred and eighty-five dollars fifteen cents."

Signed, JAMES FITZSIMMONS.

At the same term, a judgment was rendered on the answer, against Gaines & Fitzsimmons.

At the succeeding term of the Court, a judgment was obtained by the defendants in error, against the defendant in the attachment, and at the same term a judgment was rendered against the garnishees, as follows : "This day came the plaintiffs by attorney, and on motion of the plaintiffs, it is considered by the Court, that the plaintiffs recover from the said Gaines surviving partner as aforesaid, the sum of six hundred and eighty-five dollars, fifteen cents, being the amount specified in their answer, filed at the Spring Term, 1839, of this Court, in obe-

dience to a summons of garnishment, as in the case of the said plaintiff against the said George W. Gresham," &c.

From this judgment, Gaines has prosecuted this writ of error, and now rssigns for error:

1. The rendition of judgment at the Spring Term, 1839.

2. The Court erred in rendering judgment against the garnishees without it being shown that they were liable.

3. The Court erred in rendering judgment against the appellant at Spring Term, 1840.

4. The Court erred in rendering judgment twice for the same demand.

STEWART, for plaintiff in error.
ADAMS and PECK, contra.

ORMOND, J.—The first judgment which was rendered against the garnishees, was rendered too soon. There is no authority to render judgment against the garnishee upon his answer, until a judgment is obtained against the defendant in attachment, that being the only authority for condemning the money in the hands of the garnishee. This judgment is therefore of no effect, and cannot prejudice the garnishee.

The final judgment which was rendered against the garnishee, after judgment against the defendant in attachment, is now resisted on the ground of the want of authority to render a judgment against the firm of Gaines & Fitzsimmons, upon the answer of Fitzsimmons, admitting that he individually was indebted to the defendant in attachment. This objection would probably be fatal to the judgment, if we could consider the answer of Fitzsimmons, a part of the record. The statute contemplates a *viva voce* examination of the garnishee, in open Court. In practice, we know that this is frequently dispensed with, and that the garnishee makes his answer in writing.

But whether the answer is made in one mode or the other, it is not a part of the record, unless made so by bill of exceptions, or incorporated in the judgment by reciting the substance of the answer. The case, here then is a conflict between a judgment of the Court and an informal paper, which the clerk has sent up, but which is no part of the record.

It is scarcely necessary to add, that we must give credence

to the record, and from that it appears that the plaintiff was ci-
ted, that his co-partner appeared and answered, admitting the
indebtedness of the firm, to the defendant in attachment.    The
record does not disclose the death of Fitzsimmons, further than
it may be inferred from the rendition of judgment against the
plaintiff, as surviving partner; but as no exception is taken, we
must presume the necessary proof was made in the Court be-
low.    The appearance of the party rendered a judgment *nisi*,
unnecessary, and the final judgment was properly rendered.

We can perceive no error in the record and the judgment
must therefore be affirmed.