## BOSTWICK & KIRKLAND *vs.* BEACH.

1. Where a garnishee in a suit commenced by attachment answers and admits an indebtedness to the defendant, the mere refusal of the court to grant a motion for judgment on the answer, made by the plaintiff before he has obtained a judgment against the defendant, will not discharge him.
2. To sustain a judgment against a garnishee it is not necessary that his answer should appear in full upon the record. It is sufficient, if the record shows, that he has been returned summoned by the proper officer, that a judgment has been rendered against the defendant, and that he admits an indebtedness to him, which could be recovered in an action of debt, or indebitatus assumpsit.
3. Whenever a garnishee submits to answer, or when the suit is not terminated by judgment against the defendant, the garnishee continues before the court for the purpose of receiving its judgment upon his answer.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

STEWART, for the plaintiffs in error:

The error assigned is the rendition of the judgment against the garnishees. The judgment purports to be rendered on the answer—and not on any default. A motion was made for judgment on the answer at the return term and overruled. That is conclusive as to the liability of the garnishee on that answer. The court relies to sustain the judgment on the fact that no fur-

Bostwick & Kirkland v. Beach.

ther answer was made; but the party was not called on to answer further, and no default is ascertained. Therefore the court is confined to the answer alone, and must take it as of the time when it was filed. It must have created a liability then, or it could not afterwards, without some additional fact, either by answer or by default to answer, ascertained and recorded. But did the garnishees answer, and what was their answer, and how does it get on the record? There is no sufficient evidence of it, or of what it was.

We have not the whole of the answer but a recital of what it contained, or a part, in an *ex parte* entry, made when the garnishees were not present, nor called. The answer must be of record—and if not there, it must be put there by a proper entry, *nunc pro tunc*, on notice and record evidence.

There is no foundation for the judgment against the garnishees—no answer appearing of record at the return term, and no proceedings at that term, nor entry of record, *nunc pro tunc.*

WM. G. JONES, for the defendant.

CHILTON, J.—The plaintiffs in error were summoned as garnishees to answer what they were indebted to Lyman Lewis. The garnishment was executed upon them the 3d March 1848, requiring them to appear and answer at the next succeeding term. At the spring term of the court, 1848, to which the summons of garnishment was returnable, no entry appears of record to have been made as to any proceedings against the garnishees. At the fall term 1848, an entry was made, which recites that "the plaintiffs came and moved the court for judgment against Bostwick & Kirkland on their answer as garnishees, and, it being shown to the satisfaction of the court, that the said Beach sued out an attachment from the office of Joel A. Roberts, a justice of the peace of Mobile county, on the 3d day of March 1848, returnable to the then next term of the Circuit Court of Mobile county, upon which writ of attachment such proceedings were had in said Circuit Court, that on the 27th December 1848, the said Beach recovered a judgment against the said Lyman Lewis, for the sum of $325 $\frac{55}{100}$ and costs of suit; and it being further shown that the said Bostwick and Kirkland were summoned by the sheriff of Mobile county on the third day of March 1848, to answer at the then next term of the said Circuit

Court, as to what amount they were indebted to the said Lyman
Lewis at the time of the service of said garnishment, where-
upon, during the said term of the said Circuit Court, the said
Bostwick and Kirkland made their answer in open court, setting
forth that they had given their promissory note in writing to the
said Lewis, for the sum of $653 $\frac{17}{100}$, dated the 7th Feb. 1848,
and payable six months after date, which amount they still owe
to him : upon which said answer the said Beach moved for judg-
ment, which motion was then refused by the court, and the said
motion was continued by the court to this term ; and the said
Bostwick and Kirkland having failed to make any further an-
swer, it is considered by the court that the said William Beach
do recover," &c.

It is insisted that as the record shows the court overruled the
motion for judgment made at the previous term, that this deter-
mination of the court is conclusive upon the plaintiff in attach-
ment, and operates to discharge the garnishees.   We do not
think this a proper construction of the recitals in the judgment
entry.   No judgment had been rendered against the defendant
in the attachment, and until such judgment was rendered, none
could properly have been rendered against the garnishees.—
Gains v. Bierne & McMahan, 3 Ala. 114.   When, therefore,
the motion for judgment was made at the term to which the
garnishees were summoned, the court responded that the mo-
tion should be disallowed, or as the recital has it, " overruled,"
but continued.   The evident meaning of which is, that it was
disallowed *then*, but continued until the plaintiff in attachment
should obtain his judgment and the indebtedness of the gar-
nishees should fall due.   Upon any other construction, the en-
try would be contradictory and absurd.

But it is objected that there is no sufficient evidence that the
garnishees answered, or what that answer was.   This objection
cannot be sustained.   The entry sets forth that they answered,
admitting an indebtedness at a previous term, and sets forth
particularly the character of such indebtedness.   Now although
the statute seems to contemplate that the garnishees should an-
swer orally, except when interrogatories are propounded under
the recent statute, (when they may answer orally by consent,
Dig. 63, § 44,) yet they may answer in writing, and such is the
usual practice.   But their answer, whether verbally or in writing,

is no part of the record, unless so made by a bill of exceptions, or by recitals in the judgment entry.—Gains v. Bierne, *supra;* Saunders v. Camp, 6 Ala. 74. It is not necessary, therefore, to sustain the judgment, that the answer of the garnishees should appear in full in the record. It is sufficient that they have been returned summoned by the proper officer as garnishees, that a judgment has been rendered against the defendant in the attachment to whom they are indebted, and that they admit an indebtedness to the defendant in the attachment, which he could recover against them in an action of debt, or *indebitatus assumpsit.* Long v. Clements, 9 Ala. 422; Harrell v. Whitman, at the present term; McGehee v. Walke, 15 ib. 183. It is very clear that the recitals in this judgment are sufficient to sustain it.

But it is insisted these recitals were made in the absence of the garnishees, and that therefore they should not be bound by them. Several decisions of this court show that the garnishee is not discharged by the omission to proceed against him at the first term to which he is summoned. In Robison v. Starr, 3 Stew. R. 90, it was held that the omission to take judgment *nisi* against him at the first term, there being no judgment against the defendant in the attachment, did not discharge him. So, in Gains v. Bierne, *supra*, a judgment was sustained upon an answer made and filed at a subsequent term—see also, Leigh v. Smith, 5 Ala. 583; Graves v. Cooper, 8 ib. 814; and Lockhart v. Johnson, 9 ib. 224. These several cases fully sustain the position, that " whenever a garnishee submits to answer, or when the suit is not terminated by judgment against the defendant in attachment, the garnishee continues before the court, for the purpose of receiving the judgment upon his answer."—9 Ala. 224; 8 ib. 814. The garnishees were then properly before the court, in legal contemplation; the entry recites enough to show the judgment against them was properly rendered; and we have but to add, that it must be *affirmed.*