# Pollock & Co. *v.* Jones & Co.

*Garnishment in Pending Suit.*

1. *Appeal from judgment in garnishment proceeding.*—Where in garnishment proceedings against two persons, the only motion by the plaintiff was for a judgment against the garnishees, setting them out by name, and the only judgment of the court upon the motion was that denying the motion and discharging the garnishees, an appeal

[Pollock & Co. v. Jones & Co.]

by the plaintiff should be prosecuted from this judgment, and not from the judgment so far only as it discharged one of the garnishees.

2. *Garnishment; answers of joint garnishees as evidence.*—Garnishment proceedings may be prosecuted against two or more persons jointly; and where the record shows that two garnishees were proceeded against jointly,—they having been joined in one summons, the plaintiff having made one motion for judgment against both of them, instead of separate motions against each, and the court having made one judgment-entry discharging both of them—the answer of one is to be considered as evidence for both on the trial.

3. *Conveyance by insolvent debtor to his surety; validity of* —The assumption by a surety of the debt for which his principal is primarily liable, and the release and discharge of the principal from the obligation to repay the surety, constitute a valuable consideration which, there being no other cause of objection, will uphold a conveyance of property by an insolvent principal to his surety.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

The appellants, J. P. Pollock & Co., brought suit by attachment on March 20, 1890, against Clarance Grove, to recover the sum of $1,643.55–100, claimed to be due from him on account. The writ of attachment was executed by summoning Winston Jones & Co., and Augustus J. Grove as garnishees. The two garnishees were joined in one summons. They filed separate answers. The other facts are sufficiently stated in the opinion.

OVERALL & BESTOR, for the appellants.

GAYLORD B. & FRANK B. CLARK, *contra.*

COLEMAN, J.—The facts show that C. Grove, an insolvent debtor, sold and conveyed his property to Winston Jones & Co., and his brother, A. J. Grove. The consideration of the conveyance was the absolute payment and discharge of an indebtedness to Winston Jones & Co. of five thousand four hundred and fifty-one dollars, and to A. J. Grove of eight thousand dollars, and the assumption by Winston Jones & Co. and A. J. Grove to pay an indebtedness of twelve hundred and two dollars due J. Pollock & Co., evidenced by two promissory notes, each for six hundred and one dollars, and one Few a debt of two hundred and seventy-five dollars, and certain specified taxes. It is shown that C. Grove was further indebted to J. Pollock & Co., by open account in the sum of about sixteen hundred dollars. The *bona fides* of the debts stated as the consideration for the sale of the property is not controverted, and it is admitted this indebtedness was

in excess of the value of the property. The validity of the sale is not assailed. The two notes, of six hundred and one dollars each, of C. Grove to Pollock & Co. were the joint and separate notes of C. Grove and A. J. Grove. J. Pollock & Co. instituted two separate suits, one upon the open account due from C. Grove, against him, and the other upon the notes, against A. J. Grove alone. In the suit upon the open account against C. Grove, Winston Jones & Co. and A. J. Grove were summoned as garnishees. Winston Jones testified that he offered to pay J. Pollock & Co. the amount due on the two notes, but they refused to receive the money, and referred him to their attorneys. He then offered to pay the money to their attorneys, and they refused to receive it, but stated, that they would receive it from A. J. Grove. Winston Jones & Co. then gave their check payable to A. J. Grove for an amount sufficient to cover the notes and accrued cost of the suit on the notes. The check was introduced in evidence, showing that it was endorsed by A. J. Grove, and deposited in bank to the credit of J. Pollock & Co. A. J. Grove, after setting out the terms of the contract of sale, &c., as stated above, answered, further, that he paid the two notes, and cost of suit on the notes, with the check of Winston Jones & Co., that the two notes were given to close an old indebtedness of C. Grove, individually, and that he became an obligor merely as a surety of C. Grove to Pollock & Co. The two notes thus paid were identified as the notes mentioned in the consideration for the sale of the property, and assumed by Winston Jones & Co. and A. J. Grove. Neither of the answers of garnishees was contested.

After judgment against C. Grove in the suit in which the garnishment had issued, and answers made, the plaintiffs moved for a judgment "against the garnishees, Winston Jones & Co. and A. J. Grove, upon their answers in this cause." The court denied the motion, and discharged the garnishees. The notice of appeal shows that the appeal was taken from the entire judgment, but the certificate of appeal and appeal bond show that the appeal was prosecuted only from the judgment so far as it discharged the garnishees Winston Jones & Co. The only motion by plaintiff was for a judgment against the garnishees, setting them out by name, and the only judgment of the court upon the motion was that denying the motion and dicharging the garnishees. This is the only judgment in the record from which an appeal could be prosecuted.

We will dispose of the case, however, as it is argued. It is contended for appellant that he was entitled to a judg-

ment against the firm of Winston Jones & Co. upon their answer, and, to support that contention, it is argued that the oral and written answer of A. J. Grove cannot be considered as evidence for Winston Jones & Co.; and further, if it could be, it shows that the payment by A. J. Grove of the two notes was a payment of his own indebtedness, and that, upon the refusal by Pollock & Co. to receive the money from Winston Jones & Co. in payment of the two notes, so much of the property conveyed to pay these two notes became the property of C. Grove, or the assumption to pay these notes became an indebtedness on their part to C. Grove, and was subject to garnishment, in the suit upon the account.

None of these positions are tenable. A garnishment is essentially a legal proceeding; and in its nature and operation is the institution of a suit by a creditor against a debtor of a debtor.—*Harris v. Miller*, 71 Ala. 32; *Cross v. Spillman & Scott*, 93 Ala. 170. Such a suit may be prosecuted against two or more persons jointly. The entire record of the garnishment suit in this case shows that the garnishees were proceeded against jointly. The statement of the case against the garnishees, the summons, the entries of the court, and the one motion of plaintiff for judgment against both garnishees, instead of separate motions against each, and the one judgment-entry, considered in connection with the fact that the conveyance to the garnishees was to them jointly, makes it clear that they were sued jointly as garnishees, and is conclusive that there was but one case and one trial. We are clearly of the opinion that the answer of A. J. Grove was in evidence and before the court for consideration in the trial, and that they were joint defendants, upon which judgment was rendered.

In *Harmon v. McRae*, 91 Ala. 401, we held that "a note executed by a principal to his surety, in consideration that the surety assumes to pay the debt of his principal, is based upon a valuable consideration. An attachment sued out upon such a note, and levied, creates a valid and prior lien from the date of the levy against existing creditors. A conveyance of property in payment of such a debt by an insolvent debtor to such creditor, there being no other cause of objection, will be upheld as a valid conveyance." The authorities sustaining the proposition are cited in the opinion. It is not because of any consideration moving from the surety debtor to the creditor that the transaction is upheld, for he may be bound to pay the debt at all events, but it is the release and discharge of the principal debtor from his

[Agnew v. McGill.]

obligation to his surety primarily to pay the debt, and his absolute discharge from liability to repay and make whole his surety when the debt is paid by his surety.   The proof is clear in the present case, however, that the two notes were in fact paid by Winston Jones & Co., and this was known by plaintiff's attorneys when the check of Winston Jones & Co. was received from A. J. Grove.   There is nothing in the case of *Lienkauff & Strauss v. Foucheimer & Co.*, 87 Ala. 258, which supports the contention of appellants, or in any manner militates against the present adjudication.

Affirmed.