# Friedman Bros. *v.* Cullman Building & Loan Association.

## Contest of Answer of Garnishee.

1. *Garnishee; answer of corporation what insufficient.*—Where a domestic corporation is garnisheed, the answer of one as agent of the corporation which is not accompanied by the statutory affidavit showing his authority as agent to make the answer, Code, § 2190, is not such answer as the court can predicate any order or judgment upon.

2. *Same; when should be discharged.*—Where a garnishee filed a written aswer and no contest was filed at that term of the court, but an order was made requiring the garnishee to answer orally, and at the next term of the court the garnishee made oral answer in open court, and the plaintiff filed a contest to the oral answer which the garnishee moved to strike from the file, and at the same time prayed to be discharged on his answer of no indebtedness, it was error to overrule the motion to discharge the garnishee, no contest of his written answer of no indebtedness having been filed at the term of the court at which it was made.

3. *Errors without injury; what are.*—Where there is an answer of a garnishee denying indebtedness and a motion to discharge the garnishee on his answer improperly overruled and he is required to join in a contest of the answer, errors committed by the court in its rulings on the trial of the contest are errors without injury so far as the plaintiff is concerned.

[Friedman Bros. v. Cullman Building & Loan Association.]

APPEAL from Cullman Circuit Court.

Tried before Hon. H. C. SPEAKE.

Friedman Brothers & Schaefer sued B. R. Williams & Sons, and had garnishment to issue to the Cullman Building & Loan Association. The necessary facts are stated in the opinion.

J. B. BROWN, for appellant, contended that it was with the plaintiff whether he would rely on written answer or demand oral answer; and that the oral answer could be contended, and cited, 78 Ala. 258; 97 Ala. 519; Code, § 2195.

GEO. H. PARKER, for garnishee, contended that the answer of garnishee subject to contest must be in writing and cited, Shinn on Attachment and Garnishment, § 617.

DOWDELL, J.—The appeal in this case is prosecuted from the judgment of the circuit court discharging the garnishee. The garnishee, the Cullman Building & Loan Association, is a domestic corporation. As disclosed by the record, the first and only legal answer made by the garnishee was that filed by S. L. Fuller on the 17th day of September, 1895, which was accompanied by the requisite statutory affidavit showing his authority as agent to make the answer.—Code of 1896, § 2190. The answer previously made and filed by C. Schultez was without the necessary statutory affidavit, and consequently was not such an answer as the court could predicate any order or judgment upon.—*Steiner v. First National Bank*, 115 Ala. 379, and authorities there cited.

At the Fall term of the court 1895, Sept. 16th, the cause was continued generally, and on the following day, Sept. 17th, Fuller filed his written answer for the garnishee, and on the 19th day of September, at the same term, the order of continuance was set aside, and the garnishee required to answer orally. No further orders were made in the case at this term, and no contest was filed.

At the following Spring term, 1896, Fuller, as agent of the garnishee corporation, in obedience to the orders of the court, made oral answer in open court. This answer, as well as the written answer filed Sept. 17th, 1895, denied indebtedness to the defendant. Plaintiff filed a contest of the oral answer made by the garnishee, which the garnishee moved to strike from the file, and at the same time praying to be discharged on its answer of no indebtedness, no contest having been filed to the written answer at the term at which it was made. This motion was overruled by the court, and the garnishee was required to join issue upon the contest. In this ruling the court committed an error. The motion of the garnishee should have been sustained and the garnishee discharged, under the authorities of *Steiner v. First National Bank, supra; Roman v. Baldwin*, 24 So. Rep. 360; *Roman v. Dimmick*, 26 So. Rep. 214, and Code of 1896, section 2196. It necessarily follows that any errors the court may have committed in any of its rulings upon the trial of the contest, so far as the plaintiff is concerned, would be errors without injury, and therefore could not operate a reversal of the cause. The contest in the case being unauthorized, not having been instituted at the term at which the written answer was filed and there being no order of continuance for that purpose at said term, the giving of the affirmative charge at the request of garnishee and the judgment of discharge, were free from reversible errors. The court in its final action merely rectified the error it had committed in overruling the garnishee's motion to strike the contest and discharge the garnishee. The judgment of the circuit court is affirmed.