# Sun Insurance Co., of New Orleans v. Aberdeen Clothing Co.

### Garnishment.

(Decided Nov. 26, 1908. 47 South. 722.)

*Garnishment; Issues; Judgment.*—Section 4055, Code 1907, has no application to proceedings against the garnishee, and hence, the failure to answer interrogatories would not authorize a judgment by default against the garnishee; and under section 4325, Code 1907, judgment by default cannot be rendered against the garnishee until an issue is made up under the direction of the court, in which it is alleged in what respect the answer is untrue, where the garnishee has answered not indebted, and only an affidavit that said answer is untrue and interrogatories to the garnishee have been filed.

APPEAL from Gadsden City Court.

Heard before Hon. JOHN H. DISQUE.

Action by the Aberdeen Clothing Company against O. H. Saxon, in which the Sun Insurance Company was summoned as a garnishee. From the judgment against the garnishee, it appeals. Reversed and remanded.

In answer to the garnishment, which was served upon W. P. Lay as the authorized agent of the garnishee it answered not indebted, whereupon an affidavit was filed by the attorney for plaintiff, stating that in his belief the answer was untrue, and interrogatories were filed to the garnishee. So far as the record shows no other proceedings were had, and judgment by default was rendered against the garnishee.

CULLI & MARTIN, for appellants. The right of appeal is secured by Sec. 2205, Code 1896. On the following authorities the court erred in rendering the judgment against the garnishee.—*Curtis v. Parker,* 136 Ala. 222; *Taliaferro v. Lane,* 23 Ala. 369; *D. C. & N. O. Ry. Co.*

*v. Crass,* 97 Ala. 522; *Gaines v. Beirne,* 3 Ala. 115; *Bostick v. Beach,* 18 Ala. 80; *Sanders v. Camp,* 6 Ala. 73; *Price v. Thompson,* 11 Ala. 875; *Fortune v. State Bank,* 4 Ala. 385; *Bland v. Bowie,* 53 Ala. 158; *Jones v. Howell,* 16 Ala. 695; *Henderson v. Ala. G. L. Ins. Co.,* 72 Ala. 32; *N. C. Bank v. Miller,* 77 Ala. 168; *Archer v. Bank,* 88 Ala. 249; *Teague v. Legrand,* 85 Ala. 493; *Hudson v. Scott,* 125 Ala. 172.

GEORGE D. MOTLEY, for appellee. Counsel insists that the court properly granted the judgment against the garnishee, and cites the following.—*D. C. & N. O. Ry. Co. v. Crass,* 97 Ala. 519; Secs. 4055, 4319, Code 1907; *Lehman v. Hudmon,* 85 Ala. 135; *Birmingham Nat. Bank v. Mayer,* 104 Ala. 634; Sec. 4325 Code 1907; *Security Loan Assn. v. Weems,* 69 Ala. 584.

SIMPSON, J.—In this case the garnishee filed an answer denying indebtedness, and the plaintiff filed an affidavit stating that "he believes the answer heretofore filed in the above cause by the garnishee is untrue." Interrogatories were filed to the garnishee, which were not answered, and thereupon a judgment by default was rendered against the garnishee, and a writ of inquiry executed, resulting in a judgment final against the garnishee. The statute, in regard to the contest of the answer of a garnishee, provides that the plaintiff may controvert the answer by making oath that he believes it to be untrue, "and thereupon an issue must be made up, under the direction of the court, in which the plaintiff must allege in what respect the answer is untrue." Code 1896, § 2196; Code 1907, § 4325. The record does not show that any such issue was made up. Consequently there was no pleading upon which a judgment by default could be rendered.—*Lehman, Durr & Co. v. Hudmon Bros.,* 79 Ala. 532, 534; *Id.* 85 Ala. 135,

137, 4 South. 741; *Birmingham Nat. Bank v. Mayer,*
104 Ala. 634, 639, 16 South. 520. Section 4055 of the
Code of 1907 has no application to proceedings against
a garnishee.

The judgment of the court is reversed and the cause
remanded.

Reversed and remanded.

TYSON, C. J., and DENSON and MCCLELLAN, JJ., con-
cur.