[First National Bank v. Dimmick.]

# First National Bank *v*. Dimmick.

## *Assumpsit.*

(Decided May 1, 1912.  58 South. 658.)

1. *Garnishment; Answer; Filing.*—An answer of a garnishee, not filed at a time fixed by the statute, is not a part of the record and cannot set aside a conditional judgment for plaintiff.

2. *Same; Right of Plaintiff.*—Under sections 4304 and 4316, a plaintiff in garnishment may, in the original writ of garnishment served, or subsequently thereto, require the garnishee to be examined orally in the presence of the court; the mere practice of allowing an answer in writing does not conflict with the rights of plaintiff to determine whether the answer shall be in writing or oral, and a plaintiff may contest an answer at the time at which it is made.

3. *Same.*—Where an answer of the garnishee is in writing, and no objection is taken thereto on that account, or where it is objected to, and an oral answer is demanded, the answer must be contested during the term at which it was made.

4. *Same.*—Where a plaintiff in garnishment consents to a garnishee answering in writing, or where he fails to direct whether the answer shall be oral or in writing, the garnishee may answer in writing, and where a plaintiff fails to object to the answer at that time, he may at a subsequent term demand an oral examination of the garnishee; the oral examination being a mere continuation of the written answer, dating from the time it is made.

5. *Same; Pleadings; Answer; Time to File.*—A garnishee may file his answer at any time before a judgment nisi is rendered against him, as a matter of right; but if he defaults he has no right to file an answer after a judgment nisi is rendered except under section 4324, Code 1907, unless the court first sets aside the judgment nisi and permits an answer in open court.

6. *Same.*—Where a judgment nisi was rendered against a garnishee during a term of the court which adjourned February 13, 1897, and notice was issued to the garnishee to show cause at the next term why the judgment should not be made absolute, and the garnishee filed an answer during the term at which the judgment was rendered, without obtaining the consent of the court, the answer so filed was unauthorized, and did not cut off plaintiff's right to contest it though a contest was not interposed during such term.

7. *Same.*—The word "within" as used in section 4324, means during, although the word as used in statutes may mean before the expiration of the last day.

8. *Same.*—Where the garnishee failed to appeal and plaintiff in garnishment obtained a conditional judgment therefor, but recog-

nized an answer filed by the garnishee out of the time fixed by the statute, the answer would prevent the conditional judgment from being made absolute; plaintiff, however, was not bound by the recognition of the answer as an answer antedating the attempt to contest the same.

(Dowdell, C. J., Simpson and Sayre, JJ., dissent.)

APPEAL from Montgomery City Court.

Heard before Hon. W. H. THOMAS.

The First National Bank had judgment against the Montgomery Iron Works, and in aid thereof procured garnishment to issue and be served upon J. W. Dimmick. From a judgment for the garnishee plaintiff appeals. Reversed and remanded.

ALEX TROY, and GUNTER & GUNTER, for appellant. No brief reached the Reporter.

TYSON, WILSON & MARTIN, and THETFORD & McKENZIE, for appellee. No brief reached the Reporter.

DOWDELL, C. J.—Prior to the Code of 1852 there was no provision in the statutes authorizing a written answer by a garnishee in garnishment proceedings, the statute requiring him to answer orally in court. But notwithstanding the statutes at that time made no provision for written answers by garnishees, a practice coeval with the statute sprung up, of making written answers when done with the consent of the court. It was within the discretion of the court to receive it or not. Under the rule then existing the answer, whether oral or written, formed no part of the record unless made so by some act of the court in the recitals in the judgment entry, or by bill of exceptions. Such was the rule as recognized in the case of *Stubblefield v. Haggerty*, 1 Ala. 38, in which case the court, after declaring in effect that the statutes made no provision for the fil-

[First National Bank v. Dimmick.]

ing of a written answer, said: "We are aware that the practice has grown up under this statute, of receiving the answer of a garnishee in writing without subjecting him to an examination in court, unless the party examining him is persuaded that the answer is not a full disclosure of the facts. This practice, coeval with the statute, furnishes a warrant for taking the answer as a part of the record when the judgment affirms the fact that it was received and filed."

Many cases are to be found where this court, prior to the Code of 1852, considered a written answer of the garnishee a part of the record when identified and referred to in the judgment entry. A number of these cases are cited in briefs of counsel on both sides in the present case. A sufficient reason to be identified as having been received and filed before it could be considered as a part of the record of the lower court, was that the statute made no provision for a written answer, and only provided for an oral answer in court. Without the consent of the court no duty rested on the clerk to receive and file it, and hence it required some act of the court to make it a part of the record. So, according to the decisions, stood the law in reference to answer of the garnishee's becoming a part of the record, prior to the Code of 1852.

The question then is, Did the Code of 1852 authorize the filing of a written answer by the garnishee, and, if so, did such authorization operate to obviate the old rule, and constitute the written answer, when filed, without more, a part of the record in the garnishment proceedings. Section 2540 of the Code of 1852, provided as follows: "The garnishee must answer upon oath according to the terms of the citation, within the three first days of the return term of the attachment, and may, if required by the plaintiff, be examined orally

in the presence of the court." This statute has been re-enacted and brought forward in the several Codes since the Code of 1852 down to the present without any change. That this statute authorizes a written answer is too plain to admit of question; such has been the invariable practice, and we do not understand that it is now disputed. When so made, it becomes a part of the file in the proceedings in which it is made. It requires no consent of the court for the garnishee to answer in writing, and the court could not without committing reversible error refuse to allow it.

In the case of *Mobile v. Rowland,* 26 Ala. 503, this court construed the statute as not only authorizing a written answer, but also the *filing* of the same. It is said in that case: "The garnishee must be summoned to appear and answer on oath.—Code [1852], § 2517. He must *file* (italics ours) his answer, on oath, within three days of the term to which the summons is made returnable. Section 2540 (Code of 1852). He may be orally examined in the presence of the court."

In *Lewis v. Dubose,* 29 Ala. 219, this court expressly recognized the right of the garnishee to file his answer in writing, citing *Easton v. Lowery,* 29 Ala. 455.

In *Lehman, Durr & Co. v. Hudmon Bros.,* 79 Ala. 532, the court, speaking through Stone, C. J., said: "In forming an issue in this case the plaintiffs were required to be actors. On them rested the duty to allege in what respect the answer (was) untrue. * * * Until that allegation was made—and it should have been made in writing—no issue was tendered, and no cause of action was set forth. Until then the garnishee might stand still and do nothing. *His answer was on file,* denying all indebtedness and all liability, and no judgment could be rendered against him on that. True it was controverted, but that neither made nor tendered

an issue." (The italics above are ours, for obvious reason.)

In the case just cited the court not only recognized the right of the garnishee to *file his answer in writing,* but, also, considered it as a part of the record of the lower court, without any reference to it in the judgment entry. It is true that in a number of our cases since the Code of 1852, expressions may be found to the effect that the answer of the garnishee is referred to in the judgment entry and of consequence constituting it a part of the record; and on this it is here insisted in argument that the old rule is still recognized by this court, that the answer of the garnishee can only become a part of the record by some act of the court in which the proceeding is pending. The answer is that the old rule was not recognized in *Lehman, Durr & Co. v. Hudmon Bros., supra,* where the written answer of the garnishee on file, without any reference to it in the judgment of the lower court, was considered by this court as a part of the record. So, in the recent case of *Sun Insurance Co. v. Aberdeen Clothing Co.,* 157 Ala. 526, 47 South. 722, the written answer of the garnishee on file was considered as a part of the record, although there was no reference to it in the judgment entry of the lower court. The same is true of the cases of *Pollock v. Jones,* 96 Ala. 492, 11 South. 529; *Roman v. Baldwin,* 119 Ala. 257, 24 South. 360; *Roman v. Dimmick,* 123 Ala. 366, 26 South. 214, and *Friedman Bros. v. Cullman B. & L. Association,* 124 Ala. 344, 27 South. 332. So whether there has been any express declaration in any of our decisions since the Code of 1852 that the written answer of the garnishee when on file becomes a part of the record in the proceeding without any act of the court, it has unquestionably been so recognized. The case of *Decatur Co. v. Crass,* 97 Ala. 522, 12 South. 43,

seems to be the only one of our cases since the Code of 1852, which expressly declares that the answer of the garnishee, to become a part of the record, must be made so by some recital in the judgment entry or by bill of exceptions, citing our earlier cases. Counsel for appellee insist that what is said in the last-mentioned case is dictum. But, whether it is dictum or not, it is in reason and principle opposed to other of our decisions, cited above; and in so far as it is in conflict with the views expressed and conclusion reached in this case, it must be overruled.

We are of the opinion, and so hold, that the answer of the garnishee when in writing and on file becomes a part of the record in the garnishment proceeding without any act of the court.

The contest not having been filed during the term of the court at which the written answer was made and filed as the statute directs, the trial court committed no error in striking it on the motion of the garnishee and in discharging the garnishee on his answer of no indebtedness. This being so, the appellant can take nothing by the exceptions reserved to the rulings of the court on the admission of parol evidence in respect to the filing of the garnishee's answer, since with this evidence in or out, the result would be the same. Error, therefore, in this respect, if any, would be harmless.

It is urged in argument that the contest should have been allowed to the answer of the garnishee of September, 1909, as the contest was filed at the same time this answer was made. The record shows that the garnishee had been required by the plaintiff to answer orally in open court, and by the written agreement of counsel set out in the record it is also shown that the answer of September, 1909, was to be taken and considered as the oral answer required of him. So we inter-

pret the written agreement of counsel. The written contest authorized under the statute to be filed to the answer of the garnishee, is to the written answer filed by the garnishee. This was not done, in this case within the time authorized by the statute, but long after the written answer filed by the garnishee and after the adjournment of the term of the court at which the answer was filed. Furthermore, the statutes does not authorize the filing of a written contest of the oral examination of a garnishee.

Affirmed.

SIMPSON, SAYRE, and SOMERVILLE, JJ., concur.

MAYFIELD, J.—(dissenting.)—I cannot concur in the opinion or conclusion in this case. I think this decision makes a radical departure from the practice and procedure in garnishment cases which has prevailed in this state for nearly 100 years. The abstract questions decided are: First, that the answer of the garnishee, if in writing and marked "Filed" by the clerk, ipso facto, becomes a part of the record, without any action on the part of the court; and second, that an oral answer of a garnishee cannot be contested. I think both propositions equally wrong, and each is as wrong as wrong can be, because the converse of both is true.

The opinion is professedly based upon the statutes of this state and the construction which has been placed upon them heretofore by this court. If this was a pioneer case, construing our statutes as they are now written, I could concur as to the first proposition, because I think the construction placed upon these statutes by the Chief Justice, as to the first proposition, is in accordance with the general rule of pleading and practice, as announced by the text-writers and the courts

of most of the states; but I think our statutes have been construed differently by this court for nearly 100 years, and have been reenacted, readopted, and recodified, from time to time, with a different construction having been placed upon them; and this court ought now to be bound by this construction. The Chief Justice and the majority, I think, are led into the error of law by an error of fact as to the genealogy of our statutes on the subject. I think the whole opinion is based upon a false premise, which is stated in the first sentence of the opinion, as follows: "Prior to the Code of 1852 there was no provision in the statutes authorizing a written answer by a garnishee in garnishment proceedings, the statute requiring him to answer orally in court." The opinion concedes throughout that under the law in this state prior to the Code of 1852, in order to make an answer a part of the record, it had to be made so by some act of the court identifying it or by referring to it in the judgment entry, or by incorporating it in a bill of exceptions. I do not think the Code of 1852, wrought this change. I think the change wrought in the law by the Code of 1852 was entirely different from that ascribed to it in the opinion; instead of changing it from oral to written answers, it went back to the law prior to 1840, and allowed the answer to be either written or oral; that is, it gave the plaintiff the option to have a written or an oral answer. The only difference in the statutes and practice prior to 1840 and after the Code of 1852, was that prior to 1840 the answer was made orally in open court, unless the plaintiff consented to a written one; while after the Code of 1852 the answer was written unless the plaintiff demanded an oral one. But from 1840 to 1853, the law required the answer to be in writing, if the plaintiff filed interrogatories, and in that case prohibited oral answers ex-

cept by "consent of all parties concerned." This change
in the statute was referred to by CHILTON, J., in the
case of *Bostick v. Beach*, 18 Ala. 82-83, rendered in
1850, after the statute of 1840 and prior to the adoption
of the Code of 1852, and, therefore, when a written an-
swer was not only authorized, but required, if the in-
terrogatories were propounded under the statute, and
he therein said: "But the answer, whether verbal or in
writing, is no part of the record, unless made so by a
bill of exceptions or by recital in the judgment entry."

In 1849, and therefore while written answers were not
only allowed, but required, when interrogatories were
filed, this court spoke as follows: "The garnishee an-
swered in writing, and it is clear from the minute en-
tries that the answer at length was made a part of the
record, and can, therefore, be regarded as such"—citing
*Jones v. Howell*, 16 Ala. 696. No other reasonable con-
struction can be put upon this language than that it
would not have been a part of the record, though in
writing, and both authorized and required to be in
writing, but for the fact that it was made a part of the
record by the minute entry.

In 1855 this court, speaking on the same subject, and
after the adoption of the Code of 1852, said: "The rec-
ord of this case would properly consist of the affidavit
and summons, with the return of the officer, and the
answer of the garnishee either incorporated into the
judgment or the bill of exceptions, or identified by an
entry of the court. *   *   * Neither the judgment
against the original debtor, nor the execution issued
upon it, is, properly speaking, any part of the record
upon the proceedings in garnishment. They are simply
evidence, and unless shown in one of the modes indi-
cated above, to have been legitimately made a part of
the record, cannot be regarded as such when they do not:

appear to be connected with the proceedings in any way, merely from the fact that they are certified as such by the clerk of the court"—citing *Gunn v. Howell,* 27 Ala. 676, 62 Am. Dec. 785.

In the case of *Lewis v. Dubose,* 29 Ala. 219, which was decided in 1856, and after the Code authorizing written answers, WALKER, J., said: "It does not appear from the record that the plaintiff, under section 2540, required the garnishee to answer orally. We must intend that the clerk has placed upon the record the answer in writing made by the garnishee under the authority of the Code, and referred to in the minutes of the court, as being on file and constituting the basis of the judgment entry." This clearly implies that it would not have been a part of the record but for the facts that it was on the record, was referred to in the minute entry and as constituting the basis of the judgment entry. In fact, that opinion sets out the judgment entry as the authority for supporting the changes as follows: "It appearing to the court, from the answer of said garnishee now on file, that he is indebted to the defendant," etc.

In the case of *Bland v. Bowie,* 53 Ala. 158, the court, through BRICKELL, C. J., said, with regard to deposition filed being of record, or being made a part of the record: "This has been frequently affirmed in this court in reference to the answer of the garnishee, which may be oral or written, that it is no part of the record unless made so by bill of exceptions, or recital in the judgment entry. If, however, the judgment entry refers to and identifies an answer in writing as filed, it is considered as part of the record."

In the case of *Decatur Co. v. Crass,* decided in 1892, HEAD, J., reviews the authorities upon this subject, and states the conclusion as follows: "The answer of a

garnishee, though in writing, is not a part of the record unless made so by bill of exceptions or recitals in the judgment entry.—*Gaines v. Beirne,* 3 Ala. 114; *Saunders v. Camp,* 6 Ala. 73.    *    *    *    If it is in writing and is identified by the judgment entry it will be considered a part of the record.—*Jones v. Howell,* 16 Ala. 696.  A recital in the judgment entry that the garnishee has filed an answer will authorize this court to look to an answer found in the transcript as a part of the record.—*Price v. Thomason,* 11 Ala. 875; *Fortune v. State Bank,* 4 Ala. 385; *Stubblefield v. Hagerty,* 1 Ala. 38. But, if there is conflict between the recitals of the judgment entry of what the answer contains, and the answer found in the transcript, verity will be accorded to the recitals of the judgment entry.—*Gaines v. Beirne,* 3 Ala. 114."

In the case of *Jones v. Manier & Son,* 102 Ala. 676-678, 15 South. 437, it is said that "an answer of the garnishee is not a part of the record proper, and cannot be considered on appeal, unless made a part of the record by a bill of exceptions."

There are many other cases cited in brief of counsel for appellant and appellee, and, as I read the cases, this is the first in which the court has ever held that the mere filing of an answer in the court makes it a part of the record.

As I have stated above, I concede the rule to be different in other states, and that it should be different here, if the answer of a garnishee was treated as other pleadings in civil actions in courts of law, or as an answer in chancery; but our court has never treated it as a part of the pleadings, but has always treated it as mere evidence, or as occupying an anomalous position. The position of this state and of this court, and of others, upon this subject, is well expressed by the editor

of Encyclopedia of Pleading & Practice, in these words:
"The nature of the answer of the garnishee is variously
regarded in the several states; in some it is a pleading,
and as such, subject to the same rules; while in others
it is mere evidence, or occupies an anomalous position."
—Volume 9, 829. In a note to the text the annotator
says: "In some states, as in Alabama, the answer is not
considered a part of the record unless made so by a bill
of exceptions, or recitals in the judgment entry; and
this although it be in writing"—citing *Decatur Co. v.
Crass,* 97 Ala. 519, 12 South. 43, and cases cited there-
in.

By an examination of the text-writers upon this sub-
ject, and of various notes thereto, it will be found that
in most states it is treated as pleading, and, as such, of
course, the filing of it, if in writing, would make it a
part of the record; but in states like Alabama, where
it is treated as mere evidence, or as occupying an anom-
alous position, the mere filing will not have the effect
of making it a part of the record. The evil effect of
changing this rule at this late day is made apparent be-
yond question in this concrete case. · Here there was a
judgment nisi rendered against the garnishee, of which
he had due notice and the judgment was never set aside
until after the garnishee's answer was made. Surely
the garnishee could not set aside and annul this judg-
ment nisi by merely filing a written answer, even though
it was indorsed by the clerk. But this is the effect that
is given to it. After the judgment nisi was entered,
which could only be done for the want of an answer,
should not the solemn judgment of the court be given
more credence than a mere loose paper, prepared by a
party, and marked "Filed" by the clerk, without any
judicial action in the matter? Any answer filed by the
garnishee, while this judgment was standing against the

garnishee, was necessarily no part of the record in that case. The garnishee had no right to answer until he had that judgment nisi set aside and obtained an order of the court allowing him to answer. A conditional judgment of the court can be rendered only by the court, and, of course, can be set aside only by the court.

It will be found upon an examination of the statutes and decisions upon the question involved, that there has never been a time in this state when both an oral and a written answer of the garnishee were not allowed. While the statutes, up to 1840, contemplated an oral answer only, written ones were allowed. From 1840 to the adoption of the Code of 1852 (Clay's Digest, p. 63, § 44), the statutes authorized the plaintiff to file written interrogatories to the garnishee, and if such were filed, the statute required the answer to be in writing and prohibited its being oral "unless by the consent of all parties concerned." From the adoption of the Code of 1852, the statutes contemplated a written answer without interrogatories, but authorized the plaintiff to demand an oral answer in the presence of the court. But this court has uniformly held, as I read the cases, under each of these three separate statutory systems, that in order for the answer, whether written or oral, to become a part of the record it must be referred to in the minute entry, or be embraced in the bill of exceptions.

It will be observed that neither the Code of 1852 nor any subsequent Code has ever required that the answer should be in writing and not oral; it was merely required that the garnishee should answer upon *oath* according to the terms of the garnishment or citation, sometimes saying the one or the other, and sometimes both. The citation may require him to answer orally in the beginning. So, there is nothing in the statute now, and has not been since the Code of 1852, that re-

quires the answer to be in writing. Under the law up
to 1840, the practice grew up of receiving a written an-
swer, unless an oral examination was required. The
Code of 1852 did nothing but recognize this practice.
The only change in the law which it made was to de-
prive the plaintiff of the absolute right of having a
written answer, which he had from 1840 to the adoption
of the Code of 1852, provided he filed written interroga-
tories. So, instead of the Code of 1852 requiring the
answer to be written instead of oral, its effect was to
deprive the plaintiff of the right to file written interrog-
atories and thereby obtain a written answer.

It has been repeatedly held by this court that the
phrase, in the statute, "may, if required by the plain-
tiff," is mandatory; that the word "may" as used means
*must,* and that the court has no right to deprive the
plaintiff of this absolute right given him by the statute.
He has this right as well before written answer, as
afterwards. So, under the law as it now is, and as it
has ever existed since the Code of 1852, the plaintiff
may in the first instance require an oral examination of
the garnishee without requiring him to answer in writ-
ing; or he may, after written answer at any time before
the garnishee is discharged, require him to be orally ex-
amined in the presence of the court. I do not think the
argument used to support the opinion reached is sound.
The whole argument is based upon the theory that a
written answer must be filed within the first three days
of the term. I do not think this is true. The statute
requires no such thing, and has never so required, since
the Code of 1886. But if this were true, it would pre-
vent the conclusion reached in this case, because, it is
without dispute in this case that no answer was filed
by the garnishee, nor attempted to be filed within the
first three days of the term; but, on the contrary, a

judgment nisi was taken against him for a failure to answer—conclusive proof that he had not answered within the time specified. How he could, without the aid of the court or the consent of the plaintiff, file an answer thereafter, which was incontestable by the plaintiff, and which would authorize the court, 10 years thereafter, to set aside the judgment nisi, and to discharge him from his answer, which he filed without the knowledge or consent of either the court or the plaintiff, but with only that of the clerk, is more than I can understand. It looks to me as though it was a legal impossibility, yet this is the effect of the decision in this case, a mere written answer found in the file of papers, indorsed by the clerk as filed, is allowed to contradict the solemn record of the court, and to authorize the setting aside of a judgment nisi rendered at a prior term of the court. And why such an answer, though it is not made to appear that it was ever brought to the attention of the court during a dozen terms or more, should prevent one thereafter filed by consent of the parties and of the court from being contested at the very time it is filed, is more than I can understand.

I have been unable to find any decision of this court which, in my opinion, supports the conclusion reached; in fact, none of those cited in support of the conclusion are in point, but, on the other hand, every one of them in which the question here discussed was referred to, holds that the answer, in order to become a part of the record, must be referred to and identified as such by the minute entry, or must be embraced in a bill of exceptions. There is not one of them which supports the conclusion that an answer which has never been judicially recognized and identified as such by the court, can become a part of the record by the mere filing by the garnishee and indorsement by the clerk.

The case most strongly relied on in the opinion is that of *Lehman, Durr Co. v. Hudmon Bros.*, 79 Ala. 532. As to that case, it is sufficient to say that no point or question like the one here decided, was even raised or attempted to be decided. There, an answer had been filed in the justice court and was contested in that court, which resulted in a judgment which was appealed to the circuit court. While it was said in that opinion that the garnishee's answer was on file, denying all indebtedness and liability, and that no judgment could be rendered against him on it, it was also shown that it was controverted, but the plaintiffs failed to make up or tender an issue, and that they could claim no judgment because they had failed to set forth any claim to have a judgment on the contest. The opinion in that case recites that after the case was appealed to the circuit court, a process of garnishment was sued out and served, and there was an answer of the garnishee denying all indebtedness and liability, and that the answer was controverted by the plaintiff's attorney.

As to the second proposition expressed in the majority opinion, as follows: "There is no authority in the statute for filing a contest of an oral answer of a garnishee"—this, in my opinion, is a more serious error than the other proposition, which was to the effect that "the answer of a garnishee when in writing and on file becomes a part of the record in the garnishment proceeding without any act of the court." If this is to be the law, then the plaintiff is certainly deprived of one or the other of two rights which are given him by the statutes.

It is certain that the statutes now give, and have always in this state given, the plaintiff the absolute right to have an oral answer from the garnishee made in open court. The plaintiff can now and could always choose

as to whether he would have an oral answer. The statute now directs that "the garnishee must answer under oath according to the terms of the writ." This is the first, or original, answer. The plaintiff may direct when and how that answer shall be made, except in so far as the statute directs the terms of the garnishment or citation thereof. The statute does not now specify, and has not since the Code of 1886 directed at what term or what day of the term the answer shall be made, and it never directed whether it should be in writing or be made orally, except that, from 1840 to 1853, it allowed the plaintiff to file interrogatories, and the answer was required to be in writing, unless all parties concerned consented to an oral answer. Since the Code of 1852, the plaintiff is allowed, after consenting to or requesting a written answer, if not satisfied therewith, to require at any time before judgment discharging the question an oral answer in open court.

It is true that a practice has grown up under the statute, of issuing a garnishment or citation without specifying thereon whether the answer shall be oral or written; and consequently the original answer is usually in writing, and if the plaintiff is not satisfied therewith, he requires an oral answer thereafter; but it has never been decided, and I submit that the statutes are not susceptible of a construction that would warrant its being decided that the plaintiff has no right to·have the original answer oral instead of in writing.

It will be observed that the statute now requires, and has always required, the garnishee "to appear and answer under oath." It has never expressly directed whether this answer should be oral or in writing, except under certain conditions mentioned in the statute of 1840 (Clay's Digest, p. 63, § 44). The statute has sometimes directed that the answer should be made at

a certain term and within certain days of the term— sometimes within the first four days and sometimes within the first three days; but now, and ever-since the Code of 1896 (section 2175) the statutes directs merely that the garnishment issue "requiring the garnishee to appear at a specified time and answer upon oath."— Code 1907, § 4304. Section 4316 of the Code provides that "the garnishee must answer under oath, according to the terms of the garnishment, and may if required by the plaintiff, be examined orally in the presence of the court." This clearly shows that the garnishee may be required by the plaintiff, in the original writ of garnishment served upon him, as well as subsequently, to be examined orally in the presence of the court. Merely that the practice is to allow the original answer to be in writing and to be filed in court, does not at all conflict with the ways had, to say whether the answer shall be oral or in writing. It has never been held, and I do not think that this court would hold, that if the writ of garnishment or citation required the garnishee to appear and answer orally in the presence of the court, the garnishee would have a right to disobey this writ and answer in writing; but I concede that if the writ does not direct how he shall answer, he may answer in writing if he choose, and this is the practice.

The statute unquestionably gives the plaintiff the right to contest the answer, provided he does so at the term at which the answer is made. Now, if he should demand an oral answer—which I think he has the undoubted right to do—and the oral answer was the only one made, then, if the plaintiff cannot contest this oral answer, as this opinion holds, then certainly the plaintiff is deprived of his statutory right to contest at all. He is therefore necessarily deprived of one of his rights; that is, to have an oral answer or to contest.

On the other hand, suppose the answer of the garnishee is frivolous, insufficient, or not made within the time and manner directed by the garnishment, writ, or citation, and for this reason the court should disallow it, and on request of the plaintiff the court should require an oral answer in the presence of the court, is it possible that the plaintiff could not contest such oral answer? I do not think the statutes ever contemplated such a result.

I do not deny the proposition that if the answer is in writing, and no objection is taken thereto on that account, or even if objected to and an oral answer is demanded, it must be contested during the term at which it is made. This is true, because the statute says so, and this court has often held that it is mandatory in this respect, and that a contest cannot be instituted at a subsequent term, although the issue may be formed at a subsequent term and tried, provided the contest or denial was made during the term at which the answer was made; and there is no difference in this respect whether the answer be oral or written.

If the plaintiff consents for the garnishee to answer originally in writing, or if he fails to have the garnishment or citation to direct whether the answer shall be oral or written, the garnishee may then answer in writing; and if the plaintiff fail to object to this answer at that term, either by denying, contesting, or demanding an oral answer, he may at a subsequent term demand an oral examination of the garnishee; but in this case, the oral examination is a mere continuation of the written answer, and dates from the time it was made, and is for the purpose of determining whether or not the plaintiff is entitled to a judgment upon the answer. Under the decisions of this court the plaintiff would not be entitled to contest that answer at a sub-

sequent term, but if he had originally demanded an oral answer, or if at the time at which the answer was made, he had objected to the answer for insufficiency, or because in writing, or upon any other proper ground, and had demanded an oral answer, and that answer was not made until the succeeding term, he would unquestionably have the right to contest that answer, because until the answer was made he would not know whether he desired to contest it or not.

It must be said, however, that the case of *Friedman Bros. v. Cullman, etc., Ass'n,* 124 Ala. 344, 27 South. 332, does support the majority opinion upon this proposition that an oral answer cannot be contested; but the other cases cited in the opinion do not support it, and the converse was expressly decided in so many words in a later case of *Jefferson County Bank v. Nathan,* 138 Ala. 342, 35 South. 355. It was there expressly decided that the oral answer of a garnishee may be contested by the plaintiff, and the case of *Roman v. Baldwin,* 119 Ala. 257, 24 South, 360, cited in support of the proposition. This last-mentioned case is cited in the majority opinion to support the proposition that an oral answer cannot be contested. The truth is that the case of *Roman v. Baldwin* does not expressly support either proposition, but inferentially supports the proposition that an oral answer may be contested.

I do not think that there is any doubt that the majority opinion in this case is wrong, and that the judgment of the lower court should be reversed, and that the judgment nisi should be made final in the lower court, or at least, that the plaintiff should be allowed to contest the answer of the garnishee.

ANDERSON, J.—(dissenting).—While I am not disposed to take issue with the opinion of the Chief Jus-

tice to the effect that an answer, when filed as author-
ized by the statute, becomes a part of the record with-
out any affirmative action of the court, yet I think that,
in order for it to do so, it must be filed at a time fixed
by law, else with the consent of the court to the filing
of same, and unless it is filed, as authorized by the stat-
ute or with the consent of the court, it is not a legal
answer, and does not become a part of the record, and
cannot be regarded as binding on the plaintiff, unless
he treats it as an answer by contesting same, or other-
wise recognizes it as such. The garnishee can, as mat-
ter of right, file an answer at any time before a judg-
ment nisi is rendered against him, but when he defaults
in the first instance, and because of his failure to an-
swer, within the time for doing so, a judgment nisi is
rendered he has no right to file his answer except under
the terms of section 4324 of the Code of 1907, and
which is within the first three days of the next term of
the court, not sooner or later, but during said three
days. If he files his answer at this time, it might oper-
ate ipso facto to set aside the conditional judgment and
without any action of the court, and an answer so filed
would no doubt become a part of the record; but when
the garnishee suffers a default judgment against him,
as for want of an answer, he cannot file an answer ex-
cept during the first three days of the next term, unless
he first gets the court to set aside the judgment nisi and
permit him to file an answer and which must be done in
open court. Says the court in the case of *Talladega Co.
v. McDonald,* 97 Ala. 512, 12 South. 36: "The answer
may be filed at any time before judgment for want of an
answer is claimed or allowed. And even after judg-
ment nisi has been rendered for want of an answer, we
would not doubt the power of the court to set aside such
judgment, and to permit the answer to be made upon a

later day of the term." This case does not hold that leave
would have to be obtained to file the answer within the
first three days of the next term as authorized by the
statute, but it does intimate very strongly that it can-
not be filed during the term of the rendition of the con-
ditional judgment, without the consent of the court and
until the conditional judgment is set aside.   In the case
at bar, the judgment nisi was rendered at the fall term
1896, and which said term adjourned February 13,
1897.   Notice was issued to the garnishee to show cause
at the next term why the judgment nisi should not be
made absolute.   And which said term convened the 3d
Monday in February, 1897.   The garnishee did not re-
spond to the citation or avail himself of the statute, by
answering within the first three days of the next term,
but understood to answer by merely lodging a paper
with the clerk towards the last moments of the original
term and without obtaining the consent of the court.
This paper so filed was not an authorized answer, and
could not operate to cut the plaintiff off of the right to
contest, because the contest was not interposed during
the term of which said paper, puroting to be an answer,
was filed.   The plaintiff should not be precluded by
such an unauthorized answer, as it had the right, after
getting a judgment nisi to rely upon the statute and to
see what would be done by the garnishee within the first
three days of the next term of the court, and was not
chargeable with notice of a paper merely lodged with
the clerk during the original term, and which was not
filed in open court or with the consent of the court.   I
do not think that the plaintiff lost its right to contest,
by failing to do so during the October term of 1896,
simply because the garnishee filed this paper with the
clerk before the adjournment of said term, and it is my
opinion, that the judgment of the city court should be

reversed. The opinion of the Chief Justice holds the
plaintiff up to the letter of the law as to the interposi-
tion of the contest, but fails to apply the same rule to
the garnishee, and I think that, before the garnishee can
invoke a literal compliance with the statute against the
plaintiff, he must have complied with the letter of the
law as to filing his answer. I concurred in the opinion
of the Chief Justice originally, but did so under a mis-
conception of the facts, and was under the impression
that the answer in question was filed in a manner and
time authorized by the statute. Nor do I concur in the
statement that an oral answer cannot be contested, and
I therefore dissent from the majority holding.

ON REHEARING OF APPELLANT.

ANDERSON, J.—A majority of the court are of the
opinion that the case should be reversed, for the reason
that the trial court erred in holding that the appellant
was precluded from contesting the answer of the gar-
nishee, for the reasons set out in the dissenting opinions
of ANDERSON and MAYFIELD.

McCLELLAN, MAYFIELD, and SOMERVILLE, JJ., concur.
DOWDELL, C. J., and SIMPSON, JJ., dissent.

ON REHEARING OF APPELLEE.

ANDERSON, J.—I would not be disposed to prolong
a discussion of this question, but for the fact that coun-
sel seem to think that the construction of the statute
and the holding as to the word "within," as there used,
is in conflict with the former decisions of this court.
The word "within" certainly means "during," notwith-
standing it might, as used in many states, mean before

the expiration of the last day, and a plea filed before the expiration of the last day fixed for pleading would no doubt prevent a judgment by default, although not filed during the days fixed for pleading; but statutes must be construed in their entirety, and words used therein must be given that definition and meaning which will effectuate the legislative intent. The garnishee should have answered within the time fixed by law at the fall term, 1896. This he did not do, and suffered a conditional judgment to be rendered against him for want of an answer. He was, therefore, in default, and could have purged same only by the action of the court, or by "appearing" at the next term, as directed by the statute and citation issued to him, and filing his answer within the first three days of said next term. This he did not do, but during the last part of the previous term he lodged an answer with the clerk, and which could not operate ipso facto to set aside the conditional judgment, and which said filing did not in and of itself make the paper so filed a record answer as of said term, so as to require the plaintiff to then and there interpose a contest of same under section 4325 of the Code of 1907. Of course, if the answer is prematurely filed, and is, at the term during which it should have been filed, brought to the attention of the court, or is recognized as such by the plaintiff before the conditional judgment is made absolute, it would no doubt become a part of the record, but as of the time when so recognized and treated by the court or the plaintiff, and would not have the retroactive effect as a record answer as of the date when lodged with the clerk, and the mere act of filing it too soon would not impair its worth, if treated as an answer at the next or proper term. This would not, however, make it an answer as of the previous term for the technical purpose of putting the plaintiff in de-

fault or failing to contest a paper during a term, when the garnishee was not authorized to make answer after permitting a conditional judgment against himself, and which was filed with the clerk near the end of said term; yet we are called upon to hold that the plaintiff was in default because he failed to interpose his contest at the 1896 term, notwithstanding there was a conditional judgment against the garnishee, rendered at said term, and which had not been vacated, and which was not set aside by the lodging with the clerk of this answer just prior to the adjournment of said term. To so hold would be contrary to the letter and spirit of the statute, and would enable a party to reap a benefit from his own default.

The cases relied upon by counsel as to filing claims against insolvent estates, while considering a different statute, have been explained in the case of *Henderson v. Henderson*, 67 Ala. 519, and, as thus explained, harmonize with the present holding. They do not hold that a filing previous to the time fixed by the statute would be sufficient, but that the subsequent registration and transcribing of same in the docket of insolvent claims in the probate office was a sufficient filing or presentation. We do not pretend to hold that if the present answer was brought to the attention of the court, or was recognized as an answer by the plaintiff, that the mere filing of same with the clerk at a previous term would make any difference, or prevent its becoming an answer as of the date it is treated as such by the plaintiff or the court; but we do hold that the mere filing of same at said previous term, and after the conditional judgment against the garnishee, did not constitute an answer, so as to become a part of the record as of the date of filing same, and that it would not operate to vacate the conditional judgment as of the date of filing, and the plaintiff

was not in default for failing to contest same during the fall term, 1896.

It is next insisted that the answer was subsequently recognized by the plaintiff in his effort to contest same. This may be true, and this fact would no doubt make it an answer, so as to prevent the conditional judgment from being made absolute; but the plaintiff could not be found by his recognition of said paper as an answer antedating the attempt to contest same, as the first recognition of same, and the answer would, of course, be effective as such only from the date when it was treated as such, and not from the date of filing same.