# SAUNDERS v. CAMP.

6 73
97 522

1. When the judgment entry shews a sufficient admission to charge the garnishee, his answer, although in writing, and sent up with the transcript, can not be looked into to impeach the judgment, unless it is referred to in the entry, or made a part of the record, by some specific exception.

WRIT of Error to the County Court of Sumter County.

This is a proceeding by Camp, as the judgment creditor of one Chiles, to subject a debt due to the latter by Saunders. The judgment entry recites, that the garnishee answered an indebtedness of 119 dollars, for which judgment was given, and on which, this writ of error is prosecuted.

The transcript sent to this court, sets out an answer of Saunders, in writing, purporting to have been sworn to in open court, the 16th February, 1843, (the judgment is entitled of Februay term, of the same year) but no reference is made to it in the judgment entry, nor does it appear that any exception to the judgment was then made.

This answer states, that the garnishee, on the 4th January, 1843, was indebted to Chiles, in the sum of 119 dollars. That in the forenoon of the same day, he agreed to accept an order from Chiles, in favor of one Chapman, if Chiles would give it, for the balance which might be due him on settlement. Chapman presented a written order from Chiles, in the afternoon of the same day, but the garnishee process had then been served.

LYON, for the plaintiff in error, insisted, the answer could be looked into, for the purpose of showing that the court erred in arriving at the conclusion of indebtedness. [Fortune v. State Bank, 4 Ala. Rep. 385.]

If the answer is examined, it will be seen there is no admission of an indebtedness to the plaintiff; so far from this, he alleges that he had promised before the service of the process, to accept an order in favor of Chapman, for the amount due Chiles. This is, in effect, the denial of indebtedness to Chiles, and an admission

10

that he owes Chapman.   [1 Stewart, 9; 3 Porter, 105; 6 ib. 365;
1 Ala. Rep. N. S. 38; ib. 421; 2 ib. 177; 4 ib. 386.]

R. H. SMITH, *contra,* relied on the case of Gaines v. Bierne,
[3 Ala. Rep. N. S. 114,] as settling that the answer cannot be
looked into.   But, if it can, the decision in Kennedy v. Geddes,
[8 Porter, 263,] repeated in the same case in 3 Ala. Rep. N. S..
shows that a naked, verbal promise to accept a bill not in *esse,* is
not binding.

GOLDTHWAITE, J.—The conclusion to which we have
come on the preliminary question, makes it decisive of the case,
and therefore, we shall express no opinion on the question,
how far the answer, standing alone, and unexplained by a *viva
voce* examination, is sufficient to sustain the judgment.

In Gaines v. Bierne, [3 Ala. Rep. N. S. 114,] we held that the
answer of the garnishee, whether *viva voce,* or in writing, is no
part of the record, unless made so by bill of exceptions, or incor-
porated in the judgment by reciting its substance.

It is supposed, however, that the rule then declared, has been
modified by the subsequent decision of Fortune v. State Bank,
[4 Ala. Rep. N. S. 385,] where an answer in writing was refer-
red to, and the judgment reversed, because not sustained by it.—
The judgment entry in that case, recited, that Fortune had an-
swered at a previous term, that he was indebted, and as there
was at that term, no entry stating what that answer was, it was
of necessity referred to; for otherwise, there was nothing for the
action of the court when it gave the judgment.   Absolute verity
must be accorded to the records of a court, when it states its own
action, or its own conclusion, but it by no means follows, that the
same credit is due, when it states what was done at a previous
term, unless, indeed, the judgment of the court is directed to the
ascertainment of the fact, which it undertakes to assert.   In such
a case, it is probable, the question would be settled by an entry
*nunc pro tunc.*

In the present case, there is nothing whatever, besides the cir-
cumstance of finding the answer in the transcript sent to this
court, to induce the conclusion that it was unexplained by a *viva
voce* examination; but, conceding the answer is insufficient to sus-
tain the judgment, we would then be forced to refuse credit to the

recorded judgment, which asserts that an indebtedness was admitted. This is a result which can only be attained in the manner pointed out by the decision made in Gaines v. Bierne, before cited.

Judgment affirmed.