97  519
115 386

# Decatur, Chesapeake and New Orleans Railway Co. *v.* Crass.

*Garnishment on Attachment.*

1. *When judgment entry prevails.*—Upon appeal on the record without a bill of exceptions, and there is a conflict between the recitals of the judgment entry of what the answer contains, and the answer found in the transcript, the judgment entry will prevail.

2. *Defects in notice of conditional judgment cured by voluntary ap-*

*pearance.*—The purpose of the notice of a conditional judgment against the garnishee being to bring him into court, the voluntary appearance of the garnishee cures any defect as to the return term stated in the notice.

3. *When answer of garnishee not part of the record.*—The answer of the garnishee, though in writing, is not part of the record, unless made so by the bill of exceptions or recitals in the judgment entry.

APPEAL from the City Court of Decatur.
Tried before Hon. WILLIAM H. SIMPSON.

R. C. BRICKELL, and LAWRENCE COOPER, for appellants, cited *Bank v. Poe*, 1 Ala. 396; *P. F. M. Bank v. Leavens*, 4 Ala. 753; *M. & C. R. R. Co. v. Wherley*, 74 Ala. 264; *Woolsey v. M. & C. R. R. Co.*, 28 Ala. 536; *Rhodes v. McFarland*, 43 Ala. 95; *Morriss v. Russell*, 20 Ala. 357; *Goode v. Holcombe*, 37 Ala. 94; *Gun v. Howell*, 27 Ala. 663; *Foster v. Glazner*, *Ib.* 391.

R. A. McCLELLAN, KYLE & SKEGGS, *contra*, cited 42 Ala. 308, 91 Ala. 599; 90 Ala. 157; 85 Ala. 215; 9 Porter, 163, 168; 31 Ala. 513; Code, § 2975; 74 Ala. 264; 78 Ala. 258; 1 Ala. 396; 78 Ala. 941; 71 Ala. 416; 3 Brick. 78; Code, 2835; 1 Brick. 243; *Ib.* 165; 3 Brick. 580; 2 Brick. 145; 24 Ala. 480.

HEAD, J.—On January 6, 1891, appellee, Crass, obtained in the court below in a regular proceeding by garnishment, a conditional judgment, in the sum of sixty-five thousand dollars, against the appellant, a private corporation, as garnishee of the defendant in attachment, the Decatur & Nashville Improvement Company. Two notices to the appellant of this conditional judgment were issued to and returned by the sheriff of the proper county "Not found;" the first issued March 14, 1891, and returned March 18, 1891, and the second April 8, 1891, and returned the same day. There appears in the transcript, a paper purporting to be an answer of the garnishee of not indebted, made and filed by John S. Silver as its president, on April 29, 1891. On the 19th day of June, 1891, the plaintiff, appellee, appeared in open court, by counsel, and moved the court to strike the alleged answer from the file and render judgment final for the plaintiff, on the grounds that the answer is without the affidavit of Silver's authority to make it required by the statute, and because the garnishee did not appear and answer in the time and manner as required by law. The appellant likewise appeared by counsel, in open court, and resisted the motion, and, upon hearing and argument, the court rendered judgment final

[Decatur, Chesapeake & New Orleans Railway Co. v. Crass.]

against the appellant, from which the appeal is prosecuted. The judgment entry regularly ascertains the previous rendition of judgment against the defendant in attachment, the rendition of the conditional judgment against appellant and the issue and returns, "not found," of the two notices of the last named judgment, and further recites "that on April 29, 1891, the garnishee had filed among the papers in this cause an alleged answer by its president, who did not make affidavit that he was authorized to make said answer." The appeal is upon the record, without a bill of exceptions.

The appellant assails the judgment appealed from upon two grounds : 1. That the court was without authority to render it because an answer fully answering the garnishment was then on file in the cause. 2. That the notices of the conditional judgment were not issued and returned in substantial conformity to the statute, and were therefore insufficient to bring it into court, and the court was, consequently, without jurisdiction to render the judgment final. To these grounds of attack appellee's counsel replies that the alleged answer is of no validity for the want of Silver's affidavit of authority to make it as the statute requires, and the court therefore properly disregarded it; and further, that it was filed, without leave of the court, after the garnishee's default had been adjudged by the rendition of the conditional judgment, and whilst that judgment was still in force, for which cause it is insisted the answer was properly ignored; and that the defects in the issue and returns of the notices of the conditional judgment, if any existed, which he denies, were cured by the voluntary appearance of the appellant in defense of the motion for final judgment.

1. The statute (Code of Ala., Sec. 2975) provides that "No person shall answer, on behalf of any corporation, any process of garnishment unless he shall make affidavit that he is the duly authorized agent of the corporation to make such answer." This provision is intended to protect both the garnishee and the plaintiff. The garnishee is not, *prima facie* or otherwise, committed to or bound by an answer made for it, by any person professing to be its officer, or agent, without the required affidavit, unless it appears and adopts or ratifies such answer. No valid judgment could be rendered against a garnishee. a corporation, upon such an answer, in the absence of its adoption or ratification by some appropriate method. The plaintiff, likewise, is entitled to have the answer made by one duly authorized, and possessing, at least presumably, the requisite information to enable him to answer truly, and is not required to receive or sub-

/

mit to an answer wanting the statutory affidavit of authority. He may repudiate it entirely.   There is controversy between the parties as to whether the answer found in the transcript, on its face, conforms to the statute in the particular under discussion.   We need not decide that question.  The answer of a garnishee, though in writing, is not part of the record unless made so by bill of exceptions or recitals in the judgment-entry.— *Gaines v. Beirne*, 3 Ala. 11½; *Bostwick v. Beach*, 18 Ala. 8J; *Saunders v. Camp*, 6 Ala. 73.   If it is in writing and is identified by the judgment entry it will be considered part of the record.—*Jones v. Howell*, 16 Ala. 695.   A recital in the judgment-entry that the garnishee has filed an answer will authorize this court to look to an answer found in the transcript as a part of the record.—*Price v. Thomason*, 11 Ala. 875; *Fortune v. State Bank*, 4 Ala. 385 ; *Stubblefield v. Haggerty*. 1 Ala. 38.   But, if there is conflict between the recitals of the judgment-entry of what the answer contains, and the answer found in the transcript, verity will be accorded to the recitals of the judgment-entry.— *Gaines v. Beirne, supra; Saunders v. Camp, supra.*   We have seen that the judgment-entry in this case ascertains and affirms that the president who made the answer did not make affidavit of his authority.   This must control us and lead us to hold that the alleged answer was no answer so far as plaintiff's rights were concerned, and was legally disregarded by the City Court.   We have discussed this question without considering what influence the answer would have exerted, if any, upon the action of the City Court if it had been properly verified; and will not further allude to the objection raised by appellee, that the answer was filed without leave of the court and while the appellant was in adjudged default.

  2.   Section'2980 of the Code provides that final judgment may be rendered against a garnishee if two notices of the conditional judgment be issued and returned "not found" by the sheriff of the county in which the garnishment was executed.   The appellee undertook to avail himself of this provision, and caused the two notices to which we have referred to be issued and returned.   The regular terms of the City Court of Decatur are begun on the first Mondays in January and June of each year, and may continue in session until the businees is disposed of.   We have seen that the first notice was issued March 14, 1891, and it was made returnable to the following June term, but the sheriff returned it "not found" five days after its issuance.   The second was issued April 8th, 1891, and was also made returnable to same June

term, but the sheriff returned it "not found" on the day he received it. These notices were properly made returnable to the next term after their issuance. We see nothing in the act creating the City Court of Decatur which changes the general law in reference to process of this kind. If the judgment final against appellant depended upon these notices, we should unhesitatingly declare it unauthorized and erroneous. The statute manifestly contemplates the successive issuance of the two notices, returnable respectively to successive terms of the court. The purpose was to secure to the garnishee the time and diligence of the sheriff for the execution of the process afforded by the lapse of two terms. It was the duty of the sheriff upon receiving the first notice to retain it, unless sooner executed, until its proper return day; meanwhile exercising due diligence to execute it, and if the garnishee could not be found make return accordingly. Pending its return, a second notice would be useless and improper. Upon such proper return of the first, a second notice should issue, returnable to the next succeeding term of the court, in respect to which the duties of the sheriff are the same as in respect to the first, and upon its proper return "not found" the jurisdiction of the court to render judgment final is complete. We state these as the full measure of the sheriff's duties, and must not be understood as holding that nothing less than a retention of the process by the sheriff until the last return day shall, in all cases, be held necessary to a compliance with the statute. What we do hold is, that the sheriff should be given, and should take substantial and reasonable time, within the two terms, for the enjoyment of reasonable opportunity and the exercise of due diligence on his part to find and serve the garnishee. Such, we think, is the least the evident spirit and intent of the statute would accord to the garnishee; and when jurisdiction of the person is sought to be acquired by a statutory substitute for personal service, nothing less than a strict observance of the spirit and intent of the statute should be deemed sufficient. In the present case there was, in legal import, but one notice issued. The issuance of two, pending and returnable to the same term, possessed no greater efficacy than the issuance of one. There was not, therefore, an approximation to a substantial compliance with the statute. But the purpose of notice is to bring the party into court, and if he voluntarily appears and submits to the jurisdiction of the court notice is unnecessary. The record affirmatively shows that appellant appeared in open court upon the motion to render final and absolute the conditional judgment against it, and

was heard upon that motion. Its appearance was general and unlimited. The very nature of such a motion necessarily implied, as its basis, the previous rendition and existence of a conditional judgment against the garnishee, and defense against that judgment was necessarily involved in a general and unlimited resistance of the motion. We are constrained to hold that the defects in the issuance and return of the notices designed to bring the appellant into court to show cause against the conditional judgment are, in this case, immaterial, and that appellant is bound by the judgment final by reason of its voluntary appearance. The result is, the judgment of the City Court must be affirmed.

Affirmed.