# Hutson *v.* Illinois Cent. R. R. Co.

## *Assumpsit.*

(Decided April 16, 1914. 65 South. 62.)

1. *Appeal and Error; Review; Presumption.*—Where the transcript of the judgment of the justice of the peace recited the filing of an answer by the garnishee, a letter written by the agent of the garnishee will be presumed to be the answer referred to, where it was the only document appearing in the record that could be called an answer by the garnishee.

2. *Corporation; Judgment; Entry.*—A letter written by an agent of the corporation who had been garnisheed cannot be held to be the answer of the corporation in such a sense as to support a judgment against the garnishee on its admission of indebtedness to defendant in the absence of an affidavit reciting that the writer of the letter was the duly authorized agent of the corporation to make the answer.

[Hutson v. Illinois Cent. R. R. Co.]

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

P. R. Hutson sued W. D. Griffin in the justice court, and had garnishment issued to the Illinois Central Railroad Company. The justice entered judgment on the garnishment, and the garnishee applied for certiorari to annul and quash or vacate the judgment of the justice court, which having been granted, plaintiff appeals. Affirmed.

TIDWELL & SAMPLE, for appellant. The endorsement sufficiently showed service on defendant.—*Raisin F. Co. v. McKenna,* 114 Ala. 276; *White v. Simpson,* 107 Ala. 393; *Lenoir v. Broadhead,* 50 Ala. 58; *Stevens v. Cox,* 124 Ala. 450; 32 Cyc. 311. The court found that the garnishee had filed answer in the cause and the finding of the court cannot be attacked or questioned by common law certiorari.—*Papst v. Erdreich,* 158 Ala. 147; *Providence I. Co. v. Pruitt,* 157 Ala. 540; *Gushman v. Commissioner,* 160 Ala. 227; *Donnelly v. State,* 130 Ala. 132; 23 Cyc. 1101.

CALLAHAN & HARRIS, for appellee. An answer filed by a corporation to a garnishment writ must disclose by affidavit that the officer making the answer had been properly designated to do so, otherwise, it is a nullity and will not support a judgment.—*Decatur C. & N. O. Ry. Co. v. Strass,* 97 Ala. 521; *Steiner Bros. v. First Nat. Bank,* 115 Ala. 386. If no answer had appeared in the record the court might have presumed an answer to support the verity of the judgment, but where what purports to be an answer appears the court will look to the answer to determine the validity of the judgment.—*Stubblefield v. Haggerty,* 1 Ala. 38; *Fortune v. Bank,* 4 Ala. 385; *Price v. Thomason,* 11 Ala. 875, and authorities supra.

McCLELLAN, J.—Hutson, appellant, sued W. D. Griffin in the justice's court of Ferris on a promissory note, and procured the issuance of a writ of garnishment against the Illinois Central Railroad Company, a corporation. Judgment was rendered by the justice against Griffin.

As to the proceedings in garnishment, the judgment entry of the justice is this: "Sums. & comp. & writ of garnishment issued Jany. 10, 1912, served on I. C. R. R. Co. by sheriff of Winston Co. at Haleyville, Ala. Feby. 3 I C. R. R. Co. answers indebtedness to W. D. Griffin $48.46. * * * Feby. 3, and garnishee having answered, indebtedness to deft. $48.46, it is ordered, adjudged and decreed that plff. recover of said garnishee, the Ill. Central R. R. Co., the amt. of above judgment."

On hearing of writ of common-law certiorari to the justice's court, the Morgan county law and equity court, in response to appropriate motion, quashed and vacated the judgment against the corporation named. This appeal is from that action.

While there may be apparent inconsistencies in this transcript with respect to whether a letter, addressed to Ferris and signed by "C. C. Burdett, Agt. I. C. R. R. Co.," stating an indebtedness to Griffin by the corporation in the sum aforesaid, was a part of the record, so to speak, in the justice's court, yet the judgment entry of the law and equity court, as well as the bill of exceptions, leaves no room for doubt that the mentioned letter was of the papers, in that proceeding, sent up by the justice in response to the writ of certiorari, and that such a letter was the only paper possible of acceptance for an answer by the garnishee. In this state of the transcript and judgment below, the allusion in the justice's judgment to an answer by the garnishee must

be referred to that paper, else the judgment of the justice would be necessarily falsified.

That paper was insufficient to justify a judgment against the garnishee, because it did not bear the affidavit of the person assuming to make the answer for the corporation, that he was the duly authorized agent of the corporation to make such answer.—*D. C. & N. O. Ry. Co. v. Crass,* 97 Ala. 519, 12 South. 43.

It follows that the judgment of the justice against the Illinois Central Railroad Company was properly vacated. The judgment appealed from is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and DE GRAFFENRIED, JJ., concur.