PER CURIAM.
This is a garnishment case.
The plaintiff obtained a judgment of $1,437.20 against defendant in December, 1976, as a result of an automobile accident. In March, 1979, a process of garnishment was issued by the Clerk of the Pike County Circuit Court directed at Pike Manor, Inc. Service of process was executed by serving a copy to the assistant administrator of Pike Manor Nursing Home. The nursing home is wholly owned by and is the primary business of Pike Manor, Inc. The assistant administrator notified the administrator of the nursing home, and the administrator filed a garnishee’s answer. This answer, signed by the administrator, stated the defendant was employed by Pike Manor, Inc., and that the proper amounts would be withheld from defendant’s salary. This notarized answer was filed in court May 13, 1979.
The defendant is no longer employed by the garnishee.
*1317 In September, 1982, Pike Manor, Inc., filed a motion to quash service of process of the writ of garnishment. Plaintiff filed a motion for judgment against Pike Manor, Inc., on the grounds that the garnishee had failed to withhold any payments from defendant’s salary as stated in the answer filed in 1979.
After a hearing, the circuit court held the purported service of the writ of garnishment upon Pike Manor, Inc., was defective and the service is quashed; that the purported answer of Pike Manor, Inc., is a nullity under § 6-6-451, Ala.Code (1975), and is stricken; and plaintiff’s motion for a judgment against Pike Manor, Inc., is denied. From this order, plaintiff appeals, and we reverse.
The issues on appeal are: whether service of process on the assistant-administrator of the nursing home was valid under rule 4, A.R.Civ.P.; and whether the answer signed by the administrator of the nursing home was in compliance with the applicable law.
The relevant rule states service of process shall be made “[u]pon a corporation either domestic or foreign by serving the agent authorized by appointment or by law to receive service of process or by serving the corporation by certified mail at any of its usual places of business or by serving an officer or an agent of the corporation.” Rule 4(c)(6), A.R.CÍV.P.
We note at the onset that the purpose of service of process is to notify or inform defendant of the action being lodged against him. Goodall v. Ponderosa Estates, Inc., 337 So.2d 726 (Ala.1976).
In the instant case the assistant-administrator who accepted the writ of garnishment was neither an officer nor an agent “authorized by appointment or by law.” Therefore, the crucial term in rule 4(c)(6) for our purposes is “agent.” Having found no Alabama cases which define “agent” within the narrow context of rule 4(c)(6), we have looked toward the federal cases for guidance. The comparable federal rule contains more restrictive language than the Alabama rule, and requires service upon “an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...” Rule 4(d)(3), F.R.Civ.P.
Professors Wright and Miller observe the federal courts indicate a willingness to disregard labels and look only to the question of whether service on the agent justified a belief that the defendant, here garnishee, would be notified of the suit. 4 Wright & Miller, Federal Practice and Procedure § 1103 (1969). Where the person served was not a general or managing agent, service has still been held valid where the person served is in a position of sufficient responsibility so that it is reasonable to assume that he will transmit notice of the action to his organizational superiors. Wright & Miller, supra, at § 1103. The validity of service on an agent pursuant to the federal rule depends upon the facts in the particular case. An examination of the federal cases reveals that federal courts have upheld service upon a sales manager, or other person in charge of a sales agency; a local or “district manager”; a “division manager”; a “fiscal agent” who also was a treasurer and a director; a hotel manager acting as an agent for the foreign corporation that owned the hotel; an agent of a mortgagee who collected rents, kept books and supervised buildings; a factory representative; and a “technical representative.” Wright & Miller, supra, at § 1103.
“The rationale of all rules for service of process on corporations is that service must be made on a representative so integrated with the corporation sued as to make it a priori supposable that he will realize his responsibilities and know what he should do with any legal papers served on him.” Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Breeders’ and Exhibitors’ Ass’n of America, 344 F.2d 860, 866 (9th Cir.1965), quoting 19 C.J.S., Corporations § 1312.
In the instant case, the assistant administrator turned the legal papers over to the administrator, who promptly filed an answer. Hence, the facts in the instant case fall well within the perimeters of valid service as drawn by the federal courts. Put *1318 another way, the assistant administrator, who would appear to be an “agent” of the garnishee, was a person of sufficient responsibility to know what he should do with the legal papers. He turned them over to the administrator, whose duties and responsibilities are such as to justify finding him an agent of the garnishee. In short, the garnishee received notice of the writ and an answer was promptly filed in response to the writ.
We are fully aware of the situation alluded to in brief that the assistant administrator and the administrator are apparently employees of the nursing home, not the corporation. But the nursing home is the wholly-owned, primary business of the corporation/garnishee, and, under these facts and for these purposes, may be treated as the same. Cf. Professional Investors Life Insurance Co., Inc. v. Roussel, 445 F.Supp. 687 (D.C.Kan.1978). We find service of process was valid.
The garnishee, through able counsel, next contends the answer filed by the administrator was a nullity because it did not comply with § 6-6-451, Ala.Code (1975). This section states that a person making an answer to a writ of garnishment for a corporation shall make an affidavit that he is “the duly authorized agent of the corporation to make such answer and that he has knowledge of the facts stated therein.”
In the instant case, the answer on its face states it is from Pike Manor, Inc. The answer further states: “Defendant is employed by me and I will withhold from the salary, wages, or compensation, as required, and pay total into court.” It was signed by the administrator with his title designated beside his signature. The answer was sworn to by the administrator and witnessed by a notary public. There was no accompanying affidavit.
Despite the lack of strict, technical compliance with the code section, we feel the necessary information § 6-6-451 requires was contained within the answer. In a similar and analogous case dealing with a materialman’s lien where strict, technical compliance with the governing statute did not exist, this court wrote: “The courts of this state have gone to some length to jettison the theory of strict technical compliance to a more reasoned test, i.e., one of substantial compliance. See, e.g., Bolton v. Barnett Lumber & Supply Co., 267 Ala. 74, 100 So.2d 9 (1958); Thomasson v. Benson Hardware Co., 222 Ala. 176, 131 So. 563 (1930).” Harper v. J.C. Trucking & Excavating, 374 So.2d 886, 892 (Ala.Civ.App.1978), cert. denied, 374 So.2d 893 (Ala.1979).
The notarized statements and signature coupled with the signator’s title of administrator substantially comply with § 6-6-451 in that, expressly or implicitly, the information in the answer met the necessary informational requirements of the code section.
We note the form (Form C-22) used by the garnishee was supplied by the Administrative Office of Courts of Alabama.
We further note that the garnishee seeks to deny the validity of its own answer, an answer filed in court in March, 1979, and not challenged by garnishee until its October, 1982, answer to plaintiff’s motion for judgment.
While we acknowledge the existence of older cases which appear to require strict compliance with § 6-6-451 and which may have been relied upon by the learned and experienced trial judge, we hold the code provisions were complied with under the theory of substantial compliance.
Considering the facts as a whole, we therefore conclude service was valid, and the answer was in compliance with § 6-6-451, and we reverse.
REVERSED AND REMANDED.
All the Judges concur.