Rel: June 26, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

_____

### SC-2026-0037
_____

### David Wayne Moore

### v.

### Cherie Frances Capesius, now known as Cherie Capesius Ginn, and Executive Real Estate Management, Inc., now known as Ginn Professional Services, Inc.


### Appeal from Madison Circuit Court
### (CV-04-77)

SELLERS, Justice.

David Wayne Moore appeals from a judgement of the Madison Circuit Court ("the trial court") releasing Executive Real Estate Management, Inc., which is now known as Ginn Professional Services, Inc. ("EREM"), from garnishing the wages of Cherie Frances Capesius, who is now known as Cherie Capesius Ginn.[1] We reverse the judgment of the trial court with instructions to comply with the oral-examination requirement of Ala. Code 1975, § 6-6-450.

## I. Facts

On September 2, 2005, a default judgment was entered against Ginn in the amount of $1,500,000 for personal injuries sustained by Moore in a motor-vehicle accident. Over 10 years later, on September 25, 2015, Moore filed a petition and successfully revived the 2005 judgment pursuant to Ala. Code 1975, § 6-9-190. Subsequently, a writ of garnishment was issued to Ginn's employer, EREM,[2] that ordered EREM

---

[1]Cherie married her husband, Bradley, in 2016 and subsequently changed her name. Around July 2023, Executive Real Estate Management, Inc., changed its name to Ginn Professional Services, Inc.

[2]EREM was a property management company operated by Ginn and her husband.

2

to remit the proper withholdings from Ginn's wages. The payments began on September 13, 2017, and continued for almost 8 years.

In April 2024, EREM sold substantially all of its assets to the Alabama Division of Beacon Management Services, LLC ("Beacon"). Thereafter, on October 15, 2025, EREM filed a "Motion to Release Garnishment," arguing that, because Ginn was no longer employed by EREM and because Beacon and EREM are distinct corporate entities, EREM's obligation under the garnishment should be discharged. Although the motion was drafted and signed by EREM's attorney, Nicholas Hughes, Hughes did not submit an affidavit indicating that he was "the duly authorized agent" of EREM having "knowledge of the facts stated therein" as required by Ala. Code 1975, 6-6-451.

Regardless, a day later, on October 16, 2025, the trial court granted the motion and ordered that EREM be released from the garnishment. That same day, Moore filed a motion to set aside the order releasing EREM from the garnishment based on the absence of the affidavit. Further, Moore argued for an opportunity to orally examine EREM, to test the factual assertions of its motion, under § 6-6-450. Moore also filed a motion to amend the garnishment to substitute either Ginn

Professional Services, Inc., or Beacon as garnishee, in essence arguing that, regardless of whether Ginn's wages were received from Ginn Professional Services or Beacon, they were subject to the garnishment. Because the trial court did not rule on either motion within 90 days, they were deemed denied by operation of law under Rule 59.1, Ala. R. Civ. P., and the garnishment was released. Moore appealed.

## II. Standard of Review

"'[T]his court reviews de novo a trial court's interpretation of a statute, because only a question of law is presented.'" Continental Nat'l Indem. Co. v. Fields, 926 So. 2d 1033, 1034-35 (Ala. 2005) (quoting Scott Bridge Co. v. Wright, 883 So. 2d 1221, 1223 (Ala. 2003)).

## III. Discussion

The termination of Ginn's employment and the filing of the "Motion to Release Garnishment" implicates section 6-10-7(a), Ala. Code 1975, which provides, in relevant part:

> "Should the employment of the defendant for any reason be terminated with the garnishee, then the garnishee shall not later than 15 days after the termination of employment,[3] report the termination to the court and pay into court all sums

---

[3]Although Moore notes the 15-day requirement in his brief, he does not argue that EREM failed to comply with this requirement.

4

withheld from the defendant's wages, salaries, or other compensation. If the plaintiff in garnishment contests the answer of the garnishee, as now provided by law in such cases, and proves to the court the deficiency or untruth of the garnishee's answer, the court shall enter judgment against the garnishee for such amount as would have been subject to the order of condemnation had the sum not been released to the defendant."

See Radiance Cap. Receivables Twelve, LLC v. Bondy's Ford, Inc., 411 So. 3d 1210, 1213 (Ala. 2024) ("[Section] 6-10-7(a) directs that a garnishee's report to the trial court of the termination of the defendant's employment be treated as an answer that may be contested by the plaintiff, in accordance with the procedure for garnishment actions."). Here, the parties concede that the "Motion to Release Garnishment" should be treated as an answer in accordance with the following procedures for garnishment actions (the "Motion to Release Garnishment" is referred to as "the amended answer"). Thus, the dispositive issue is whether EREM's amended answer procedurally complied with § 6-6-450, which states:

"The garnishee must answer under oath according to the terms of the garnishment; and, upon filing, the clerk or register shall give the plaintiff and defendant notice, and the garnishee may, if required by the plaintiff, be examined orally in the presence of the court. Any demand for oral examination required by the plaintiff after filing of written answer by the

garnishee must be made by motion filed within 30 days from the date of notice of filing answer."[4]

When the garnishee is a corporation, it must also comply with § 6-6-451, which provides that "[n]o person shall answer on behalf of any corporation any process of garnishment unless he shall make affidavit that he is the duly authorized agent of the corporation to make such answer and that he has knowledge of the facts stated therein." In accordance with these statutes, this Court must first determine whether the affidavit requirement was successfully complied with.

The Court of Civil Appeals has recognized that the doctrine of substantial compliance applies when attempting to satisfy § 6-6-451. Green v. Pike Manor, Inc., 431 So. 2d 1316, 1318 (Ala. Civ. App. 1983) ("Despite the lack of strict, technical compliance with [§ 6-6-451], we feel the necessary information § 6-6-451 requires was contained within the answer."). In Green, the answer was sworn by the administrator of the garnishee business that employed the judgment debtor, stated that it was from that business, and was witnessed by a notary public. The answer further stated that the "'[d]efendant is employed by me and I will

---

[4]The parties do not dispute whether they received proper notice of the amended answer in accordance with § 6-6-450.

6

withhold from the salary, wages, or compensation, as required, and pay total into court.'" Id. However, there was no accompanying affidavit. The Court of Civil Appeals found that "[t]he notarized statements and signature coupled with the signator's title of administrator substantially compl[ied] with § 6-6-451 in that, expressly or implicitly, the information in the answer met the necessary informational requirements of the code section." Id. (emphasis added). Moore cites to prior cases attempting to argue that this Court has previously construed these requirements strictly; however, those cases are outdated and do not reflect this Court's "'…jettison [of] the theory of strict technical compliance to a more reasoned test, i.e., one of substantial compliance.'" Id. (citations omitted); see Steiner v. First Nat'l Bank of Birmingham, 115 Ala. 379, 385, 22 So. 30, 31 (1897).

Here, although EREM's amended answer was signed only by Hughes, we conclude that the information in the amended answer met the necessary informational requirements of 6-6-451 and, thus, substantially complies with its requirements. EREM's amended answer clearly stated the following necessary information:

"1.   A Writ of Garnishment was issued to EREM, Inc. as the employer of Cherie Frances Capesius, the Defendant herein.

"2.   EREM, Inc. has complied with all obligations under said writ during the period in which Ms. Capesius was employed by it.

"3.   Ms. Capesius is no longer employed by EREM, Inc., and therefore, EREM, Inc. no longer holds or owes any wages or other funds to her that may be subject to garnishment.

"4.   Accordingly, there are no further monies available or payable to be withheld or remitted under the garnishment."

(Footnote omitted.)

While there was no formal affidavit, the signature by Hughes, as the attorney of record for EREM, was sufficient to substantially comply with the affidavit requirement. Because the amended answer was filed by an attorney, Rule 11(a), Ala. R. Civ. P., is implicated: "The signature of an attorney constitutes a certificate by the attorney that the attorney has read the pleading, motion, or other paper; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Thus, the signature on the amended answer by EREM's attorney, who is an officer of the court, obviates the need for an affidavit. Moreover, the affidavit requirement is

intended to protect both the garnishee and the plaintiff, by ensuring that the information provided is accurate and made with the corporation's consent. See Decatur, C. & N.O. Ry. Co. v. Crass, 97 Ala. 519, 521, 12 So. 43, 43 (1892). Furthermore, the garnishment action here was an active matter before the court, and the amended answer was a subsequent pleading that an attorney of record, as the agent for corporation, had the requisite authority to file, effectively amending the initial answer in order to comply with the statutes and release the garnishment encumbering the funds of the judgment debtor. Thus, the signature of a licensed attorney, who is acting on behalf of a garnishee, provides the same assurance and protection that the affidavit is intended to provide. The amended answer submitted by EREM's attorney substantially complied with the requirements of § 6-6-451 because the information in the amended answer met the necessary informational requirements of that Code section.

Moore also contends that the trial court's immediate-release order bypassed the procedure Alabama law gives Moore to protect his lien and to test EREM's factual assertions under § 6-6-450. Specifically, under § 6-6-450, Moore has the right to orally examine EREM if he files a motion

to do so within 30 days from the date of notice of the filing of an answer. The record shows that the amended answer was filed on October 15, 2025, and the trial court immediately granted the motion on October 16, 2025. Also, on October 16, 2025, Moore filed his "Plaintiff's Motion To Set Aside Release of Garnishment and for Garnishee to Submit to Oral Examination ...." in which he "move[d] the court pursuant to 6-6-450 ... to require the Garnishee, EREM, Inc., to appear and to submit to a sworn oral examination and produce all records of employment and payroll/compensation regarding its amended answer to the garnishment filed October 15, 2025."

Because Moore timely complied with the 30-day requirement of § 6-6-450, the trial court erred by not affording him an opportunity to orally examine EREM, to gather information regarding whether the original garnishment order would apply to Beacon, as EREM's successor in interest, and to substantiate other information regarding the termination of Ginn's employment and whether all sums withheld by EREM from Ginn's wages, salaries, or other compensation had been paid into the court. However, by immediately granting the amended answer, the trial court improperly denied Moore the right to test the sufficiency of EREM's

10

statements. Clear harm to Moore exists in the loss of his garnishment of Ginn's wages and whether the sums garnished were properly accounted for and remitted to the court.

## IV. Conclusion

For the foregoing reasons, we reverse the judgment of the trial court, with instructions to that court to comply with the oral-examination requirement under § 6-6-450.

REVERSED AND REMANDED WITH INSTRUCTIONS.

Stewart, C.J., and Wise, J., concur.

Cook, J., concurs in part and concurs in the result, with opinion, which Parker, J., joins.

COOK, Justice (concurring in part and concurring in the result).

I agree that we must reverse the Madison Circuit Court's judgment based on its failure to comply with the oral-examination requirement provided in § 6-6-450, Ala. Code 1975. That statute provides that the garnishee "may, if required by the plaintiff, be examined orally," with any such demand required "within 30 days from the date of notice of filing answer." As explained thoroughly in the main opinion, in this case, David Wayne Moore exercised his right under § 6-6-450 the day after the garnishee, EREM, filed its amended answer. <u>That same day</u>, however, the trial court discharged EREM. By discharging EREM prematurely, the trial court cut off Moore's ability to test the accuracy and completeness of EREM's amended answer, a right that § 6-6-450 expressly protects. Thus, the judgment must be reversed and the case remanded for the trial court to allow Moore to exercise his right to orally examine EREM under § 6-6-450, and I concur with this holding of the main opinion.

Because the trial court's failure to comply with the oral-examination requirement provided in § 6-6-450 is dispositive in this case, I believe our analysis should stop there. I see no reason for our Court to

12

reach the issue of whether the affidavit requirement set forth in § 6-6-451, Ala. Code 1975,[5] was substantially complied with in this case, much less to decide whether substantial compliance could satisfy that statute at all. See Jackson Hosp. & Clinic, Inc. v. Murphy, 343 So. 3d 490, 498 n.3 (Ala. 2021) (stating that the Court would pretermit discussion of remaining issues considering the dispositive nature of another issue).

If I were to reach this issue, I am not yet persuaded by the substantial-compliance discussion provided in the main opinion. Although that standard was adopted by our Court of Civil Appeals, our Court has a long-standing history of applying the strict-compliance standard to the affidavit requirement in § 6-6-451. Compare Green v. Pike Manor, Inc., 431 So. 2d 1316 (Ala. Civ. App. 1983), with Shepherd Motor Co. v. Henderson Land & Lumber Co., 213 Ala. 195, 104 So. 334 (1925); Friedman v. Cullman Bldg. & Loan Ass'n, 124 Ala. 344, 27 So. 332 (1899); and Steiner v. First Nat'l Bank of Birmingham, 115 Ala. 379, 22 So. 30 (1897).

---

[5]Section 6-6-451 states that "[n]o person shall answer on behalf of any corporation any process of garnishment unless he shall make affidavit that he is the duly authorized agent of the corporation to make such answer and that he has knowledge of the facts stated therein."

This is not to say that the affidavit is a requirement for subject-matter jurisdiction. For instance, this requirement might be waivable if the opposing party does not raise the issue. And, if there is an oral examination per § 6-6-450, the requirement of sworn testimony to support the motion may be satisfied.

Even so, the Legislature crafted the specific words of § 6-6-451, and public policy appears to favor requiring practitioners to follow this simple affidavit requirement as written rather than relaxing it through judicial modification unless and until the Legislature decides to amend the statute. However, we need not decide this issue because we are requiring an oral examination on remand, and Moore will therefore have the opportunity to examine EREM regarding the terms of the garnishment.

Parker, J., concurs.